F I L E D
09/06/2024
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Maria Albarran
DV-15-2024-0001300-UT
Coffman, Danni
1.00

Michael A. Bliven
Avery L. Field
BLIVEN LAW FIRM, P.C.
704 South Main
Kalispell, MT 59901
Telephone: (406) 755-6828

*Attorneys for Plaintiff*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| **WES CURTIS RAMMELL**<br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM VP MANAGEMENT CORP d.b.a STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and John Does 1-4.**<br>**Defendants.** | Cause No.: _____<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff Wes Curtis Rammell, by and through his attorneys at Bliven Law Firm, P.C., and hereby complains and alleges as follows, based upon information and belief:

### PARTIES, JURISDICTION, AND VENUE

1. Jurisdiction for this cause lies within the State of Montana, in that the insurance contract that is the basis of this Complaint was sold and formed in Montana and the motor vehicle collision that invoked the contract occurred in Montana.

2. This Complaint arises from a motor vehicle collision that occurred on or around January 17, 2019, in Flathead County, Montana.

3. At all material times, Plaintiff Wes Curtis Rammell was a resident of Flathead County, Montana.

4.   Plaintiff reserves the right to amend this Complaint to seek class certification if Discovery produces evidence that satisfies the certification requirements of Montana Rule of Civil Procedure 23.

5.   At all material times, Defendant State Farm VP Management Corp. d.b.a State Farm Mutual Automobile Insurance Company ("State Farm") did business in the State of Montana and was subject to the laws of the State of Montana. State Farm sold insurance policies in, collected premiums for those policies in, entered into contracts with residents of the State of Montana, and guided the adjustment of claims in the State of Montana. All insurance policies at issue in this Complaint were sold within the State of Montana, to Montana citizens and residents. State Farm registered with the Montana Secretary of State as a Foreign Profit Corporation and maintains a Registered Agent in the State of Montana.

6.   Defendant Does 1-4 are persons, partnerships, corporations, or other entities, which may be responsible for Plaintiff's damages. The identities of Does are not known at this time but will be named specifically when their identity is ascertained. Plaintiff reserves the right to amend this Complaint to name Defendant Does 1-4.

## FACTS COMMON TO ALL COUNTS

7.   Plaintiff was involved in a motor vehicle collision that occurred on January 17, 2019. The facts of this collision are set forth in the Montana Vehicle Crash Report attached as **Exhibit 1**.

8.   At the intersection of US Highway 2 and MT Highway 35, Catherine Ann Newburn ran a red light and failed to yield and crashed into Plaintiff's vehicle, causing Plaintiff to suffer property damage and injuries.

9.   At the time of the motor vehicle collision, Catherine Ann Newburn was insured by Progressive Advantage Agency, Inc. ("Progressive"), policy number 911846098. Ms. Newburn's

policy with Progressive had a policy limit of $100,000.00 per person and $300,000.00 per accident for bodily injury. **Exhibit 2**.

10. At all material times, including at the time of the January 17, 2019, motor vehicle collision, Plaintiff was insured by State Farm, policy number 066 8802-C07-26. Plaintiff's policy with State Farm includes underinsured motorist ("UIM") coverage with policy limits of $100,000.00 per person and $300,000.00 per accident.

11. Plaintiff entered into a valid contract with State Farm prior to the January 17, 2019, motor vehicle collision. The contract required Plaintiff to pay insurance premiums and required State Farm to provide UIM coverage to Plaintiff.

12. Plaintiff suffered injuries and incurred medical expenses and other damages related to the January 17, 2019, motor vehicle collision that far exceeded Ms. Newburn's policy limits.

13. On October 5, 2023, and November 20, 2023, Plaintiff sent letters to State Farm asking State Farm for permission to release Progressive and Ms. Newburn from liability in exchange for Progressive tendering its policy limits to Plaintiff. **Exhibit 3**, **4.** Plaintiff properly notified his UIM carrier, State Farm, of his intention to settle his claims against Ms. Newburn and Progressive, in accordance with *Augustine* and other Montana common law. Plaintiff provided State Farm with proof of loss, independent medical examination results, and reports from Plaintiff's providers of his injuries and their relationship to the collision on January 17, 2019.

14. On December 22, 2023, State Farm sent Plaintiff a letter stating that "State Farm consents to settlement to release the at fault driver and insurer in exchange for a Release." **Exhibit 5**.

15. On January 16, 2024, Plaintiff executed a release of Ms. Newburn.

16. On May 14, 2024, Plaintiff sent a UIM Claim Settlement Demand and Brochure to State Farm offering to settle Plaintiff's UIM claim for Mr. Rammell's UIM policy limits and provided State Farm with sufficient proof of loss for State Farm to evaluate Mr. Rammell's UIM claim.

17. State Farm acknowledged receipt of Plaintiff's demand in its May 16, 2024, letter to Plaintiff stating, "Receipt is acknowledged of your correspondence of 5/14/24 regarding a time limit demand for [Wes Rammell]." **Exhibit 6**.

18. In the same letter, Exhibit 6, State Farm misappropriated MCA 33-18-251 to allege that Montana law afforded State Farm 60 days to respond to Mr. Rammell's time-sensitive UIM demand.

19. State Farm included the first seven sections of MCA 33-18-251 verbatim in its May 16, 2024, letter to Plaintiff, but omitted the last two sections of the statute.

20. State Farm intentionally omitted section nine of MCA 33-18-251 that narrowly defines an "insurer" to include a person "who has issued an insurance contract to an allegedly responsible party." MCA 33-18-251(9)(d).

21. State Farm also omitted the applicable definition of "allegedly responsible party" from its letter, which MCA 33-18-251(9)(a) defines as any "person or entity claimed or alleged to have caused or contributed to cause property damage, personal injury, bodily injury, wrongful death, professional negligence or liability, or breach of any fiduciary duty; or claimed or alleged to have committed, engaged in, or be liable for professional negligence or breach of fiduciary duty."

22. State Farm omitted MCA 33-18-251(9) from its letter to mislead Plaintiff to believe that Montana law authorized State Farm to delay response to Plaintiff's UIM claim for sixty days.

23. State Farm has demonstrated a pattern and practice of misappropriating MCA 33-18-251 in order to delay its processing of UIM claims. State Farm sends similar letters misappropriating MCA 33-18-251 to its clients who make UIM claims and request that State Farm evaluate their claim within less than sixty days.

24. State Farm did not pay or deny Plaintiff's claim or make a reasonable request for additional information or documents in order to evaluate the claim within thirty (30) days of its

receipt of Plaintiff's UIM demand and proof of loss in violation of MCA 33-18-232. Plaintiff did not substantively respond to Plaintiff's demand until August 2, 2024, which was eighty days after Plaintiff sent his UIM demand to State Farm, seventy-eight days after State Farm acknowledged receipt of Plaintiff's demand, and fifty-six days after June 7, 2024, which is the date that State Farm wrote to Plaintiff's counsel stating, "the thousands of medicals your office mailed to State Farm were today (6/7/24) captioned to the claim file and made available for viewing." **Exhibit 7**.

25. When State Farm finally did respond substantively to Plaintiff's demand through State Farm's counsel on August 2, 2024, State Farm made an unreasonable request for additional proof of loss. Despite Plaintiff having providing sufficient proof of loss for State Farm to evaluate the claim–the "thousands" of pages of medical records, bills, and other documentation of Plaintiff's injuries and damages–State Farm requested additional proof of loss in order to further delay resolution of Plaintiff's UIM claim.

26. To date, State Farm has failed to pay, deny, or make a reasonable request for additional proof of loss to Plaintiff's UIM demand.

27. State Farm has breached its contractual duties to Plaintiff including State Farm's covenants of good faith and fair dealing.

### COUNT I
### <u>REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

28. Plaintiffs hereby re-allege the allegations set forth in paragraphs 1 through 27.

29. State Farm has certain affirmative duties in the claims handling and settlement process, as set forth in Montana's Unfair Trade Practices Act, § 33-18-201, MCA, and case law interpreting and applying the same, prohibiting bad faith insurance adjusting and claims handling.

30. State Farm's claims handling practices violate its duties under Montana law.

31. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-102, MCA, the Act is remedial, and "its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

32. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-201, MCA, the courts have the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed" and the declaration may be either "affirmative or negative in form and effect."

33. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-202, MCA, a person whose "rights, status, or other legal relations are affected by a statute...may have determined any question of construction or validity arising under the...statute", and "obtain a declaration of rights, status or other legal relations thereunder." Further, per § 27-8-205, MCA, the other exercise of the general powers conferred in § 27-8-201, MCA, is not limited by the enumeration of powers in § 27-8-202, MCA, in which a judgment or decree "will terminate the controversy or remove an uncertainty."

34. Pursuant to the provisions of Montana's Declaratory Judgment Act, § 27-8-313, MCA, the courts may grant, "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper."

35. Here, Plaintiff has certain rights, status, uncertainty, insecurity, and other legal relations which have been affected by State Farm's conduct for the reasons stated herein. Given State Farm's conduct, Plaintiff has been harmed by Defendant's failure to comply with its duties under Montana law.

36. Pursuant to the provisions of Montana's Declaratory Judgment Act, Plaintiff requests the Court issue a declaratory judgment in favor of him as follows:

a.  That State Farm violated Montana law by engaging in illegal claims adjusting practices contrary to its duties pursuant to § 33-18-201, MCA.

b.  That State Farm violated Montana law by misrepresenting § 33-18-251, MCA, to Plaintiff, State Farm's insured.

c.  That State Farm violated Montana law by refusing to pay Plaintiff's damages pursuant to Plaintiff's UIM policy without first conducting a reasonable investigation based upon all available information into those damages.

d.  That State Farm violated Montana law by neglecting to attempt in good faith to effectuate prompt settlement of Plaintiff's UIM claim when liability was reasonably clear.

e.  That State Farm violated Montana law by neglecting to attempt in good faith to effectuate fair settlement of Plaintiff's UIM claim when liability was reasonably clear.

f.  That State Farm violated Montana law by neglecting to attempt in good faith to effectuate equitable settlement of Plaintiff's UIM claim when liability was reasonably clear.

g.  To issue prospective declaratory and injunctive relief requiring State Farm to: (i) cease misrepresenting the law and its legal obligation to its insureds, (ii) adopt and implement reasonable standards for the prompt investigation of UIM claims, (iii) conduct reasonable investigations based upon all available information into UIM claims, (iv) promptly, fairly and equitably effectuate settlement of UIM claims, and (v) further prohibit Defendant from using the illegal tactics as described herein, and as further developed in discovery.

## COUNT II
## UNFAIR CLAIM SETTLEMENT PRACTICES, MCA § 33-18-242

37. Plaintiffs hereby re-allege the allegations set forth in paragraphs 1 through 36.

38. State Farm has duties under the Montana Unfair Trade Practices Act, and may not:

>(1) misrepresent pertinent facts or insurance policy provisions relating to coverages [or claims] at issue; and

>(4) refuse to pay claims without conducting a reasonable investigation based upon all available information;

>(6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear. § 33-18-201 (1)(4) and (6), MCA.

39. State Farm's conduct in handling Plaintiff's UIM claim has violated § 33-18-201(1), MCA. State Farm misrepresented the law and its legal obligation to Plaintiff.

40. State Farm's conduct in handling Plaintiff's UIM claim has violated § 33-18-201(4), MCA. State Farm has failed to conduct a reasonable investigation of Plaintiff's UIM claim and has instead resorted to making unreasonable requests for additional information.

41. State Farm's conduct in handling Plaintiff's UIM claim has violated § 33-18-201(6), MCA. State Farm has refused to pay or make a reasonable offer to settle Plaintiff's UIM claim. State Farm has instead delayed resolution of Plaintiff's claim through its failure to timely respond to Plaintiff's demand and its unreasonable and superfluous requests for additional information.

42. Plaintiff has suffered injuries and incurred economic and non-economic damages as a result of Defendant's violations of MCA §33-18-201 as follows:

>a. Plaintiff has suffered serious emotional distress caused by Defendant's actions.

b. Plaintiff has suffered other economic damages, including loss of interest from the date upon which Plaintiff's UIM claim should have been paid.

c. Plaintiff has suffered and incurred other incidental and consequential damages.

## COUNT III
## BREACH OF INSURANCE CONTRACT

43. Plaintiffs hereby re-allege the allegations set forth in paragraphs 1 through 43.

44. Plaintiff and State Farm have a valid insurance contract. Under the contract, Plaintiff agreed to pay insurance premiums in exchange for coverage that included UIM coverage.

45. Plaintiff performed on his obligations under the valid insurance contract by making timely payments of his insurance premium to State Farm.

46. Despite Plaintiff's performance, State Farm has failed to perform its obligations under the insurance contract.

47. Plaintiff has suffered damages that are caused by State Farm's breach of the insurance contract.

## COUNT IV
## PUNITIVE DAMAGES

48. Plaintiffs hereby re-allege the allegations set forth in paragraphs 1 through 47.

49. State Farm had knowledge of facts that created a high probability of injury to Plaintiff.

50. State Farm proceeded to act in a conscious or intentional disregard of the high probability of injury to Plaintiff.

51. State Farm's conduct constitutes actual malice, and State Farm should be required to pay punitive damages in accordance with MCA § 27-1-221 in an amount sufficient to punish State Farm and to serve as a warning to other similarly situated persons and entities that such conduct is unacceptable.

52. State Farm knew that its statement to Plaintiff that MCA § 33-18-251 entitled State Farm to sixty days to respond to Plaintiff's UIM demand was false.

53. Despite knowing that its statement was false, State Farm made the statement to Plaintiff with the intent to deceive Plaintiff.

54. Plaintiff had a right to rely on the representation of his insurer, State Farm.

55. State Farm's conduct constitutes actual fraud, and State Farm should be required to pay punitive damages in accordance with MCA § 27-1-221 in an amount sufficient to punish State Farm and to serve as a warning to other similarly situated persons and entities that such conduct is unacceptable.

**WHEREFORE,** Plaintiff prays for judgment against Defendant State Farm on their bad faith as follows:

1. For Judgment in favor of Plaintiff and against Defendant;

2. For mandatory declaratory and injunctive relief as set forth above;

3. To enjoin Defendant from engaging in the conduct as set forth above;

4. For all general and compensatory damages proved and awarded by the jury or court;

5. For all exemplary damages proved and awarded by the jury or court;

6. For all other damages allowed by law and awarded by the jury;

7. For Plaintiffs' attorney fees and costs; and

8. For such other and further relief as the Court deems just and equitable under the circumstances allowable under Montana Law.

//

//

//

## **JURY DEMAND**

1.  Plaintiffs hereby demand a jury trial on all claims triable by right.

Dated: September 6, 2024

      BLIVEN LAW FIRM, P.C.


      By: _s/ Michael A. Bliven_
         Michael A. Bliven
         704 South Main
         Kalispell, MT 59901
         Attorneys for Plaintiff

# EXHIBIT 1

# MONTANA VEHICLE CRASH REPORT

Montana Highway Patrol
2550 PROSPECT AVE
HELENA, MT 59620

| Crash Number 50125082-01 | Reporting Agency MONTANA HIGHWAY PATROL | | Reporting Agency Case Number | Reporting Agency CAD Number MHP19CAD007116 | ORI MTMHP0000 |
|---|---|---|---|---|---|

## CRASH IDENTIFIERS

| County of Crash FLATHEAD (07) | City NOT IN CITY LIMITS () | | Crash Date/Time 01/17/2019 04:11 PM | Reported Date/Time 01/17/2019 04:12 PM | Dispatched Date/Time 01/17/2019 04:17 PM |
|---|---|---|---|---|---|
| On Scene Date/Time 01/17/2019 04:20 PM | Cleared Scene Date/Time 01/17/2019 04:50 PM | Complete Date/Time 01/17/2019 04:50 PM | Reason (if Investigation Not Complete) | | Source of Information MONTANA HIGHWAY PATROL |

## ROADWAY INFORMATION

| Roadway Description for Location of Occurrence US HIGHWAY 2 | | | Notify MDOT | | Latitude 48.21430319 | Longitude -114.27710454 |
|---|---|---|---|---|---|---|
| Intersecting Roadway Description for Location of Occurrence HIGHWAY 35 | | | Distance / Direction to Crash Location | Roadway Blocked | Roadway Cleared Date/Time | |
| Part of National Highway System YES | Roadway Functional Class Type URBAN | | | Roadway Functional Class Detail PRINCIPAL ARTERIAL-OTHER | | |
| Roadway Access Control NO ACCESS CONTROL | Type of Shoulder CURB | | Roadway Lighting | | Roadway Bikeway Facility NONE | Signed Bicycle Route NOT APPLICABLE |
| Traffic Control Type at Intersection SIGNAL LIGHTS | Mainline Number of Lanes at Intersection | | | Side Road Number of Lanes at Intersection | | |

## CRASH INFORMATION

| Light Condition DAYLIGHT | Weather Condition SNOW | Roadway Surface Condition SNOW | Roadway Surface Composition CHIP SEALED BLACKTOP | Manner of Crash Collision / Impact ANGLE | | ☑ Crash Pictures Taken |
|---|---|---|---|---|---|---|
| First Harmful Event Type COLLISION NON-FIXED OBJECT | | First Harmful Event Detail MOTOR VEHICLE IN TRANSPORT | | Location Of First Harmful Event Relative To The Trafficway ON ROADWAY | | |
| First Harmful Event's Relation to Junction INTERSECTION | | Is First Harmful Event within Interchange Area NO | | Type of Intersection FOUR-WAY INTERSECTION | | |
| Contributing Circumstances: Environment NONE | | Contributing Circumstances: Environment NONE | | Contributing Circumstances: Environment NONE | | |
| Contributing Circumstances: Road SURFACE CONDITION (WET, ICY, SNOW, SLUSH, ETC | | Contributing Circumstances: Road NONE | | Contributing Circumstances: Road NONE | | |
| School Bus Related NO | | Work Zone Related NO | | Crash Location in Work Zone | | |

## VEHICLE V01

| ▶ V01 | Motor Vehicle Type MOTOR VEHICLE IN TRANSPORT | | | State MT | License Number BGH017 | | Registration Expires | ☑ Permanent Registration | VIN JNRDR09Y81W211297 | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year 2001 | Make INFINITI (INFI) | Model QX4 | | Style SPORT UTILITY | | Color GRN | Body Type Category SPORT UTILITY VEHICLE | | | |
| Special Function of Motor Vehicle in Transport NO SPECIAL FUNCTION | | | Emergency Motor Vehicle Use NO | | | Type of Bus Use NOT A BUS | | | | |
| Owner First Name CATHERINE | | Owner Middle Name ANN | | Owner Last Name NEWBURN | | Owner Suffix | Owner Business (if not Person) | | | |
| Address 138 Springcreek Dr | | Address Other | | | City Kalispell | | | State MT | Zip Code 59901-2344 | |
| Owner Phone Number 406-253-2632 | | Owner Phone Number (other) | | Insurance Company PROGRESSIVE | | Insurance Policy Number 911846099 | | Insurance Broker or Agent | | |
| Vehicle Removal TOWED DUE TO DISABLING DAMAGE | | | Vehicle Towed By | | | | | Wrecker Selection Method | | |
| Direction of Travel Before Crash EASTBOUND | Estimated Speed: | Posted 45 | Roadway Type DIVIDED HIGHWAY | | Total Lanes 2 | Roadway Horizontal Alignment CURVE LEFT | | Roadway Grade LEVEL | | |
| Trafficway Description TWO-WAY DIVIDED POSITIVE MEDIAN BARRIER | | | | Traffic Control Device Type TRAFFIC CONTROL SIGNAL | | | | Working Properly YES | | |
| Roadway Description for Vehicle Travel US HIGHWAY 2 @ HWY 35 | | | | | | | | | | |
| Vehicle Maneuver Action (by this vehicle) TURNING LEFT | | | Hit & Run (by this vehicle) NO | | | | Damage Extent (for this vehicle) DISABLING DAMAGE | | Damage Estimate | |
| 1st Sequence of Events Type (this vehicle) COLLISION NON-FIXED OBJECT | | | | 1st Sequence of Events Detail (this vehicle) MOTOR VEHICLE IN TRANSPORT | | | | | | |
| 2nd Sequence of Events Type (this vehicle) UNKNOWN | | | | 2nd Sequence of Events Detail (this vehicle) | | | | | | |
| 3rd Sequence of Events Type (this vehicle) UNKNOWN | | | | 3rd Sequence of Events Detail (this vehicle) | | | | | | |
| 4th Sequence of Events Type (this vehicle) UNKNOWN | | | | 4th Sequence of Events Detail (this vehicle) | | | | | | |
| Most Harmful Event Type (this vehicle) COLLISION NON-FIXED OBJECT | | | | Most Harmful Event Detail (this vehicle) MOTOR VEHICLE IN TRANSPORT | | | | | | |
| Contributing Circumstances 1 (this vehicle) NONE | | | | Contributing Circumstances 2 (this vehicle) NONE | | | | | | |

| Area of Initial Impact | Most Damaged Area |
|---|---|
| ☐ Non Collision | ☐ Non Collision |
| ☐ Top | ☐ Top |
| ☐ Undercarriage | ☐ Undercarriage |
| ☐ Unknown | ☐ Unknown |

| Occupant Type DRIVER | Person Name (First Middle Last Suffix) CATHERINE ANN NEWBURN | Injury Status NO APPARENT INJURY |
|---|---|---|

## VEHICLE V02

| ▶ V02 | Motor Vehicle Type MOTOR VEHICLE IN TRANSPORT | | | State MT | License Number AHG569 | | Registration Expires | ☑ Permanent Registration | VIN 1B7KF23D4WJ117763 | |
|---|---|---|---|---|---|---|---|---|---|---|
| Year 1998 | Make DODGE (DODG) | Model R25 | | Style PICKUP | | Color RED | Body Type Category PICKUP | | | |
| Special Function of Motor Vehicle in Transport NO SPECIAL FUNCTION | | | Emergency Motor Vehicle Use NO | | | Type of Bus Use NOT A BUS | | | | |

| Crash Number | Reporting Agency | | Reporting Agency Case Number | Reporting Agency CAD Number | ORI |
|---|---|---|---|---|---|
| 50125082-01 | MONTANA HIGHWAY PATROL | | | MHP19CAD007116 | MTMHP0000 |

| Owner First Name | Owner Middle Name | Owner Last Name | Owner Suffix | Owner Business (if not Person) |
|---|---|---|---|---|
| WES | CURTIS | RAMMELL | | |

| Address | | Address Other | | City | | State | Zip Code |
|---|---|---|---|---|---|---|---|
| 43 E Newlin | | | | Marion | | MT | 59925 |

| Owner Phone Number | Owner Phone Number (other) | Insurance Company | Insurance Policy Number | Insurance Broker or Agent |
|---|---|---|---|---|
| 406-314-5211 | | STATE FARM | 055 8802-C0-26 | |

| Vehicle Removal | Vehicle Towed By | Wrecker Selection Method |
|---|---|---|
| DRIVEN - NOT DISABLED | | |

| Direction of Travel Before Crash | Estimated Posted Speed: 45 | Roadway Type | Total Lanes | Roadway Horizontal Alignment | Roadway Grade |
|---|---|---|---|---|---|
| NORTHBOUND | | UNDIVIDED HIGHWAY | 2 | STRAIGHT | LEVEL |

| Trafficway Description | Traffic Control Device Type | Working Properly |
|---|---|---|
| TWO-WAY DIVIDED POSITIVE MEDIAN BARRIER | TRAFFIC CONTROL SIGNAL | YES |

Roadway Description for Vehicle Travel
NB HIGHWAY 35 @ US HIGHWAY 2

| Vehicle Maneuver Action (by this vehicle) | Hit & Run (by this vehicle) | Damage Extent (for this vehicle) | Damage Estimate |
|---|---|---|---|
| MOVEMENTS ESSENTIALLY STRAIGHT AHEAD | NO | FUNCTIONAL DAMAGE | |

| 1st Sequence of Events Type (this vehicle) | 1st Sequence of Events Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |
| 2nd Sequence of Events Type (this vehicle) | 2nd Sequence of Events Detail (this vehicle) |
| UNKNOWN | |
| 3rd Sequence of Events Type (this vehicle) | 3rd Sequence of Events Detail (this vehicle) |
| UNKNOWN | |
| 4th Sequence of Events Type (this vehicle) | 4th Sequence of Events Detail (this vehicle) |
| UNKNOWN | |

| Most Harmful Event Type (this vehicle) | Most Harmful Event Detail (this vehicle) |
|---|---|
| COLLISION NON-FIXED OBJECT | MOTOR VEHICLE IN TRANSPORT |

| Contributing Circumstances 1 (this vehicle) | Contributing Circumstances 2 (this vehicle) |
|---|---|
| NONE | NONE |

Area of Initial Impact
- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

Most Damaged Area
- [ ] Non Collision
- [ ] Top
- [ ] Undercarriage
- [ ] Unknown

| Occupant Type | Person Name (First Middle Last Suffix) | Injury Status |
|---|---|---|
| DRIVER | WES CURTIS RAMMELL | NO APPARENT INJURY |

## DRIVER V01

| Person Type | N/A# | Vehicle# | Person Type Detail |
|---|---|---|---|
| DRIVER | | V01 | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| CATHERINE | ANN | NEWBURN | | 07/06/1957 | 61 | F |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| 138 SPRINGCREEK DR | | KALISPELL | MT | 59901 |

| Phone Number | Phone Number (other) | Condition at Time of Crash |
|---|---|---|
| | | APPARENTLY NORMAL |

| Driver License Number | Class | Expires | State | Jurisdiction | Type | Status |
|---|---|---|---|---|---|---|
| 0701319574106 | D | 07/06/2026 | MT | 02 | NON-CDL DRIVER'S LICENSE | VALID LICENSE |

| Commercial Motor Vehicle Endorsements | |
|---|---|
| NONE | ☐ Recommend Driver ReExam |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 3 |
|---|---|---|
| NONE | NONE | NONE |

| Driver Distracted By | Driver Vision Obstructions |
|---|---|
| UNKNOWN | VISION NOT OBSCURED |

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) |
|---|---|
| RAN RED LIGHT | FAILED TO YIELD RIGHT-OF-WAY |
| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) |
| NO CONTRIBUTING ACTION | NO CONTRIBUTING ACTION |

| Motor Vehicle Seating Position: Row | Motor Vehicle Seating Position: Seat | Motor Vehicle Seating Position: Other | |
|---|---|---|---|
| FRONT | LEFT | NOT APPLICABLE | ☐ Seating Position Unknown |

| Restraint Systems | Helmet Use |
|---|---|
| SHOULDER AND LAP BELT USED | |

| Air Bag Deployed | Ejection |
|---|---|
| NOT DEPLOYED | NOT EJECTED |

Trapped Extrication
NOT TRAPPED

| Injury Severity Level | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|
| NO APPARENT INJURY | | |

| Source of Transport to Medical Facility | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|
| NOT TRANSPORTED | | | |

| Law Enforcement Suspected Alcohol Use | Alcohol Test Type | Alcohol Tested | Alcohol Test Results |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

| Law Enforcement Suspected Drug Use | Drug Test Type | Drug Tested | Drug Test Results |
|---|---|---|---|
| NO | | TEST NOT GIVEN | |

| Violation Type Issued | Number | Violation Description |
|---|---|---|
| NOTICE TO APPEAR AND COMPLAINT | 510 A907655 E | 61-8-341 [1] ROW VIOLATION - FAIL TO YIELD TO VEHICLE ON THROUGH HIGHWAY |

## DRIVER V02

| Person Type | N/A# | Vehicle# | Person Type Detail |
|---|---|---|---|
| DRIVER | | V02 | |

| First Name | Middle Name | Last Name | Suffix | Date of Birth | Age | Sex |
|---|---|---|---|---|---|---|
| WES | CURTIS | RAMMELL | | 04/26/1960 | 58 | M |

| Address | Address Other | City | State | Zip Code |
|---|---|---|---|---|
| PO BOX 928 | | MARION | MT | 59925 |

| Phone Number | Phone Number (other) | Condition at Time of Crash |
|---|---|---|
| | | APPARENTLY NORMAL |

| Driver License Number | Class | Expires | State | Jurisdiction | Type | Status |
|---|---|---|---|---|---|---|
| 0401219604126 | D | 04/26/2020 | MT | 02 | NON-CDL DRIVER'S LICENSE | VALID LICENSE |

| Commercial Motor Vehicle Endorsements | |
|---|---|
| NONE | ☐ Recommend Driver ReExam |

| Drivers License Restrictions 1 | Drivers License Restrictions 2 | Drivers License Restrictions 3 |
|---|---|---|
| CORRECTIVE LENSES | NONE | NONE |

DRIVER COPY

| Crash Number 50125082-01 | Reporting Agency MONTANA HIGHWAY PATROL | | | Reporting Agency Case Number | Reporting Agency CAD Number MHP19CAD007116 | ORI MTMHP0000 |
|---|---|---|---|---|---|---|

| Driver Distracted By NO NOT DISTRACTED | Driver Vision Obstructions ALL OTHER EXTERNAL/INTERNAL (EXPLAINED IN NARRATIVE) |
|---|---|

| Driver Actions at Time of Crash 1 (based on judgement of investigation officer) NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 2 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |
|---|---|

| Driver Actions at Time of Crash 3 (based on judgement of investigation officer) NO CONTRIBUTING ACTION | Driver Actions at Time of Crash 4 (based on judgement of investigation officer) NO CONTRIBUTING ACTION |
|---|---|

| Motor Vehicle Seating Position: Row FRONT | Motor Vehicle Seating Position: Seat LEFT | Motor Vehicle Seating Position: Other NOT APPLICABLE | | ☐ Seating Position Unknown |
|---|---|---|---|---|

| Restraint Systems SHOULDER AND LAP BELT USED | Helmet Use |
|---|---|

| Air Bag Deployed NOT DEPLOYED | Ejection NOT EJECTED |
|---|---|

| Trapped Extrication NOT TRAPPED | | |
|---|---|---|

| Injury Severity Level Type NO APPARENT INJURY | Injury Severity Level Detail | Primary or Most Obvious of Body Area Injured During Crash |
|---|---|---|

| Source of Transport to Medical Facility NOT TRANSPORTED | EMS Agency Name or ID | EMS Run Number | Medical Facility Transported To |
|---|---|---|---|

| Law Enforcement Suspected Alcohol Use NO | Alcohol Test Type | Alcohol Tested TEST NOT GIVEN | Alcohol Test Results |
|---|---|---|---|

| Law Enforcement Suspected Drug Use NO | Drug Test Type | Drug Tested TEST NOT GIVEN | Drug Test Results |
|---|---|---|---|

**NARRATIVE: 50125082**

Vehicle 1 was traveling east on US Highway 2 attempting to make a left hand turn at the intersection with MT Highway 35. Vehicle 2 was traveling north on Highway 35 attempting to travel west on US Highway 2. The driver of Vehicle 1 stated the traffic light was "Yellow" when she attempted to travel through the intersection. The driver of Vehicle 2 stated the light was green and he entered the intersection. The driver of Vehicle 2 advised he could not see Vehicle 1 because his "A" pillar was in the way. Vehicle 1 and Vehicle 2 collided in the intersection of US Highway 2 and MT Highway 35.

**REPORTING OFFICER / SUPERVISOR APPROVAL**

| Reporting Officer | | | Approving Supervisor | | | Case Identifier 50125082-01 |
|---|---|---|---|---|---|---|
| ID Number 1934 | Rank TROOPER | Name ERIC THORESON | ID Number 1857 | Rank SGT | Name CHAN A. BARRY | |
| Signature | | | Signature | | | |

| Crash Number 50125082-01 | Reporting Agency MONTANA HIGHWAY PATROL | Reporting Agency Case Number | Reporting Agency CAD Number MHP19CAD007116 | ORI MTMHP0000 |

**DIAGRAM OF ACCIDENT**



N

50125082
Not to Scale

US Highway 2

Highway 35

US Highway 2

Vehicle 1

Vehicle 2

# EXHIBIT 2

PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631



**Policy Number: 911846098**

Underwritten by:
Progressive Direct Insurance Co
August 19, 2018
Policy Period:  Oct 7, 2018 - Apr 7, 2019
Page 1 of  2

CATHY NEWBURN
138 SPRINGCREEK DR
KALISPELL, MT 59901

**progressive.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**1-800-776-4737**
For customer service and claims service,
24 hours a day, 7 days a week.

# Auto Insurance
# Coverage Summary
## This is your Renewal
## Declarations Page

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on October 7, 2018 at 12:01 a.m.  This policy expires on April 7, 2019 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage.  The policy contract is form 9611D MT (09/16).  The contract is modified by form 4884 (10/08).

## Drivers and resident relatives

| | Additional information |
|---|---|
| Cathy Newburn | Named insured |

## Outline of coverage

| General policy coverage | Limits | Deductible | Premium |
|---|---|---|---|
| Uninsured Motorist | $25,000 each person/$50,000 each accident | | $19 |
| Underinsured Motorist | $25,000 each person/$50,000 each accident | | 7 |
| Medical Payments | $10,000 each person | | 46 |
| Total general policy coverage | | | **$72** |

**2001 INFINITI QX4 4 DOOR WAGON**
VIN: **JNRDR09Y81W211297**

Garaging ZIP Code: 59901

Primary use of the vehicle:  Commute

Number of years owned/leased when policy started or vehicle added: 5+ years

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $278 |
| Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
| Property Damage Liability | $100,000 each accident | | |
| Comprehensive | Actual Cash Value | $250 | 77 |
| Roadside Assistance | | | 5 |
| Total premium for 2001 INFINITI | | | **$360** |
| **Total 6 month policy premium** | | | **$432.00** |
| Discount if paid in full | | | -74.00 |
| **Total 6 month policy premium if paid in full** | | | **$358.00** |


Continued

## Premium discounts

Policy
..................................................................................................................................................................
911846098                                      Five-Year Accident Free, Home Owner, Online Quote, Continuous Insurance:
                                               Platinum, Paperless and Three-Year Safe Driving

## Failure to Pay Renewal Premium

If you do not pay the minimum amount due on or before the due date, your coverage will end on October 7, 2018. However, if your payment is received or postmarked by November 6, 2018, we will renew your policy with a lapse in coverage. Your coverage will be renewed the day after your payment is received or postmarked.

## Company officers

Secretary

# EXHIBIT 3

# BLIVEN LAW FIRM, P.C.
## *Injury Lawyers*

Michael A. Bliven
Admitted in Montana and Oregon
mike@blivenlawfirm.com

Ashley C. McCormack
Admitted in Montana
ashley@blivenlawfirm.com

Robert Dwyer
Admitted in Oregon
Of Counsel
rdwyer@blivenlawfirm.com

704 South Main
Kalispell, Montana 59901
Telephone (406) 755-6828 • Facsimile (406) 755-6829
www.blivenlawfirm.com

October 5, 2023

Christie Snyder
Claim Specialist
State Farm Claims
P.O. Box 106171
Atlanta, GA 30348-6171

**Sent via email and US Mail:** *statefarmclaims@statefarm.com*

RE:

| | |
|---|---|
| Our Client: | Wes Rammell |
| Your Insured: | Wes Rammell |
| DOL: | January 17, 2019 |
| Policy No.: | 066 8802-C07-26 |
| Claim No.: | 26-7333-D37 |

Dear Claims Specialist Snyderπ:

As you are aware this office represents Wes Rammell in the above referenced matter. Our client has required substantial medical treatment for injuries sustained in the January 17, 2019, wreck, which is ongoing. We are asking State Farm for permission to release the at-fault insurer and driver in exchange for a release, or alternatively, State Farm may step into their shoes and pay their limits, go after the at fault driver, and start adjusting the UIM claim.

As you know, our client had underinsured motorist coverage under this policy with State Farm. We hereby request permission to settle for a release with the at fault driver's carrier for her bodily injury policy limits and release the driver. We request that State Farm make a prompt and fair determination of whether it would be prejudiced by the release. Usually this is determined in a matter of a few days and should be, with due diligence by State Farm.

Our client is not pursuing a UIM claim at this time; the underlying limits *may* be adequate to address all of Mr. Rammell's damages. Please find all medical record and bills that we have received to date on the enclosed USB. Therefore, please advise us promptly as required by *Augustine* whether we may release the at fault driver. Under *Augustine*, the Court has ruled that the insurance company must conduct a prompt and fair investigation into whether it would be prejudiced.

In *Augustine v. Simonson and Farmers Insurance Exchange,* **283 Mont. 259** the Court carefully examined the issue of prejudice:

> We adopted a "no prejudice" rule as a matter of public policy and stated that 'the purpose of underinsured motorist insurance is to provide a source of indemnification for accident when the tortfeasor does not provide adequate indemnification'. *Augustine v. Simonson at para. 5.*

The Supreme Court has stated that the burden is on the underinsured motorist carrier to show prejudice. *"…absent some showing of material prejudice to underinsurance carrier, a claim for underinsured motorist coverage may not be precluded on a technicality." Id.*

As to the burden of proof:

> Most of the judicial decisions in which courts have sustained the view that a failure to secure an insurer's consent to a settlement only justifies a loss of underinsured motorist insurance benefits when the insurer was prejudiced, seem to require the insurer to show that the unauthorized settlement adversely affected its interests. There are several rationales for this approach. *First,* the insurer is in the best position both to assess whether it has been prejudiced and to then produce evidence for the court that is relevant to an adjudication. *Second*, in effect, it recognizes the difficulty of requiring a claimant to attempt to prove the "negative fact" that the insurer was not prejudiced. *Finally,* if no clear proof is available, such an allocation serves to avoid a forfeiture of coverage. *Sorensen v. Farmers Insurance Exchange,* 279 Mont. 291 *para. 4* (1996).

Specifically, the Court Ruled: The 'no prejudice' rule places the burden on the insurer which has collected premiums, rather than on an injured claimant, to show that the insurer's subrogation claim has potential value**.** *Id.*

We are not making a UIM claim at this time and are requesting permission to release the at fault driver, and giving you notice of intent to do so pursuant to Montana Law, including *Augustine*.

You are further notified that this office claims a lien on all proceeds paid. In the event proceeds are paid directly to the medical providers, then your company is liable for all fees and costs due pursuant to any such misdirected payment. In the event that payment is not made now, then pursuant to Sec. 33-18-201, MCA, and Montana law, please advise what proof of loss you seek. Further, we request a written explanation in relation to the facts or applicable law for any denial of our *Augustine* request. If we do not receive a full explanation, we will have no choice but to file a declaratory judgment and seek our fees and costs under Montana law due to your company's denial of permission to settle the underlying claim and/or UIM coverage.

Thank you, in advance, for your prompt assistance. If you have any questions, please contact me.
Sincerely,

BLIVEN LAW FIRM, P.C.

Michael A. Bliven
MAB/alf

Enc.: All Related Medical Records and Bills; Crash Report

Cc: Client

# EXHIBIT 4

# BLIVEN LAW FIRM, P.C.
## *Injury Lawyers*

704 South Main
Kalispell, Montana 59901

**Michael A. Bliven**
Admitted in Montana and Oregon
mike@blivenlawfirm.com

**Ashley McCormak**
Admitted in Montana
ashley@blivenlawfirm.com

**Avery L. Field**
Admitted in Montana
avery@blivenlawfirm.com

**Robert Dwyer**
Admitted in Oregon
rdwyer@blivenlawfirm.com

November 20, 2023

Christie Snyder
Claim Specialist
State Farm Claims
P.O. Box 106171
Atlanta, GA 30348-6171

***Sent via email and certified mail:*** *statefarmclaims@statefarm.com / **7019 2970 0001 0975 7202***

RE:

| | |
|---|---|
| Our Client: | Wes Rammell |
| Your Insured: | Wes Rammell |
| DOL: | January 17, 2019 |
| Policy No.: | 066 8802-C07-26 |
| Claim No.: | 26-7333-D37 |

Dear Claims Specialist Snyder:

As you are aware this office represents Wes Rammell in the above referenced matter. Our client has required substantial medical treatment for injuries sustained in the January 17, 2019, wreck, which treatment is ongoing. While the medical supports were not previously provided., we are including herein. We are working to obtain the declaration sheet from the at-fault insurance and will provide upon receipt and we renew our *Augustine* request.

Thank you for your consideration of your insured and courtesy.

Sincerely,

BLIVEN LAW FIRM, P.C.

Michael A. Bliven
MAB/kk

Enc.: as stated

Cc: Client

Page 1 of 1

# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
- [ ] Return Receipt (hardcopy)          $ _____
- [ ] Return Receipt (electronic)        $ _____
- [ ] Certified Mail Restricted Delivery  $ _____
- [ ] Adult Signature Required            $ _____
- [ ] Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Total Postage and Fees

$

Rammell

Sent To
Christie Snyder/State Farm Claims

Street and Apt. No., or PO Box No.
P.O. Box 106171

City, State, ZIP+4®
Atlanta, GA 30348-6171

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

*Important Reminders:*

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt;* attach PS Form 3811 to your mailpiece; for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt (electronic or USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800,** April 2015 *(Reverse)* PSN 7530-02-000-9047

# EXHIBIT 5

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



December 22, 2023

Bliven Law Firm, P.C.
704 S Main St
Kalispell MT 59901-5342

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:    Claim Number:          26-7333-D37
       Date of Loss:          January 17, 2019
       Our Insured:           Wes Rammell
       Your Client(s):        Wes Rammell

Michael Bliven:

Thank you for your email of 12/21/23 which provided the declarations page from the liability policy for the at fault party concerning the above mentioned claim.

In response, State Farm consents to settlement to release the at fault driver and insurer in exchange for a Release.

If you have questions or need assistance, call us at (844) 292-8615 Ext. 392 or Direct: (615) 692-3821.

Sincerely,

Christie Snyder
Claim Specialist
(844) 292-8615 Ext. 392 or Direct: (615) 692-3821
Fax: (855) 820-6318
statefarmclaims@statefarm.com
*For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number, credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us at (844) 292-8615 Ext. 392 or Direct: (615) 692-3821 to discuss sensitive information.*

State Farm Mutual Automobile Insurance Company

**DUE TO PROTECTION OF PRIVACY OBLIGATIONS AND INTERNAL SYSTEM INTEGRITY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY DOES NOT ACCEPT TIME-SENSITIVE OR ACTION-ORIENTED MESSAGES DELIVERED VIA EMAIL THAT INVOLVE ACCESSING A CYBERLINK, APPLICATION, DIGITAL DROPBOX OR OTHER THIRD-PARTY DOCUMENT SERVICE.**

# EXHIBIT 6

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



May 16, 2024

Bliven Law Firm, P.C.                    **State Farm Claims**
704 S Main St                            PO Box 106171
Kalispell MT 59901-5342                  Atlanta GA 30348-6171

RE:    Claim Number:          26-7333-D37
       Date of Loss:          January 17, 2019
       Our Insured:           Wes Rammell
       Your Client(s):        Wes Rammell

Michael Bliven:

Receipt is acknowledged of your correspondence of 5/14/24 regarding a time limit demand for the above mentioned client.

Please be advised that effective 10/1/23 and pursuant to SB236, all time limit demands must meet the following requirements:

33-18-2 Time-limited demands — requirements — insurer's fair and reasonable opportunity to investigate and evaluate claims:

(1) A time-limited demand from a claimant to an insurer offering to settle any claim must:
(a) reference this section;
(b) be in writing and labeled "time sensitive" at the top of the first page of the writing setting forth the required material terms of the offer to settle set forth in subsection (1)(d);
(c) be sent certified mail, return-receipt requested, to the insurer of the allegedly responsible party; and
(d) contain the following material terms:
(i) the name of the allegedly responsible party;
(ii) the time period within which the offer to settle shall remain open for acceptance by the allegedly responsible party's insurer, which may not be less than 60 days or the first business day following the 60th day when that day falls on a weekend or holiday;
(iii) the amount of the monetary payment requested to settle the claim, together with a description of any other form of consideration sought to settle the claim;
(iv) the date and location of the damage, loss, professional negligence, or breach of fiduciary duty;
(v) a reasonable description of the nature and extent of all known injuries, damages, and losses sustained by the claimant;
(vi) the party or parties to be released if the insurer accepts the time-limited demand;
(vii) a description of the claim or claims to be released if the time-limited demand is accepted; and

(viii) disclosure of eligibility, or information sufficient to verify eligibility, for Medicare, Medicaid, any other federal or state benefit program, and any other known liens or assignments granted by the claimant that apply to any of the damages claimed.

(2) The time period within which an insurer may accept a time-limited demand commences on the date the insurer actually receives the time-limited demand through certified mail.

(3)(a) A time-limited demand made pursuant to this section must be accompanied and supported by the following:
(i) all available and supporting documents, records, and information sufficient to allow the insurer a fair and reasonable opportunity to investigate and evaluate the nature and extent of the alleged responsible party's liability and the nature and extent of the claimant's injuries, damages, and losses;
(ii) medical records, invoices, and billing statements from all health care providers, if any, who provided treatment to or evaluated the claimant or decedent for:
(A) injuries suffered in connection with the claim from the date of injury until the date of the time-limited demand, including but not limited to emotional distress; and
(B) injuries, damages, losses, ailments, diseases, or other medical conditions occurring or existing prior to the date of injury that relate or may relate in any manner to any of the claimant's claims that are the subject of the written time-limited demand.
(b) If the claimant asserts a claim for loss of wages, earnings, compensation, or profits, however denominated, the claimant shall provide records from employers or other relevant sources or tax records to document the claimed loss.

(4) On receipt of a time-limited demand, the insurer has the right to provide a proposed settlement agreement or release, or both, or seek clarification or additional information regarding terms, liens, subrogation claims, alleged damages, standing to release claims, medical bills, medical records, preexisting medical conditions, and other relevant facts. The claimant has the duty to provide any missing or needed documents, records, and information reasonably requested by the insurer. A request for clarification or for additional documents, records, or information, or to propose a settlement agreement or release, or both, may not be deemed a counteroffer or rejection of the time-limited demand to settle. On a request or proposal, any time limit imposed within the time-limited demand is extended a minimum of either 30 days, or by the number of days from and including the date of the request to the date of receipt of the information responding to the requestor, whether the terms of a settlement agreement, a release, or both, are accepted or rejected.

(5) If, during the time period within which a time-limited demand may be accepted, it is determined that a lien attaches to any settlement payment to be paid by the allegedly responsible party's insurer, including but not limited to any actual or potential Medicare or Medicaid lien, the claimant has a duty to cooperate with the insurer to ensure satisfaction of any valid lien interest Medicare, Medicaid, or other lienholder may have in the settlement payment. In addition, any time limit imposed within the time-limited demand must be stayed from date the valid lien is identified until the date on which the claimant, allegedly responsible party, and the insurer agree to address and resolve satisfaction of the valid lien.

(6) If an insurer with the right to settle on behalf of an insured receives a time-limited demand, the insurer may accept the time-limited demand by providing written acceptance of the material terms outlined in subsection (1) that is delivered or postmarked to the claimant within the time period set in the time-limited demand. The person or entity providing payment to satisfy the material terms may elect to provide payment by any one or more of the following means:
(a) cash;
(b) money order;
(c) wire transfer;

26-7333-D37
Page 3
May 16, 2024

(d) a cashier's check issued by a bank or other financial institution;
(e) a draft or bank check issued by an insurer; or
(f) electronic funds transfer or other method of electronic payment.

(7) In any civil action commenced by or on behalf of a claimant, or by a claimant as an assignee of the allegedly responsible party, or by the allegedly responsible party for the benefit of the claimant:
(a) a time-limited demand that does not strictly comply with the terms of this section may not be considered as a reasonable opportunity to settle for the insurer and may not be admissible in any civil action alleging extracontractual damages against the allegedly responsible party's liability insurer; and
(b) an insurer is not liable for any extracontractual damages arising from or related to any injuries, damages, or losses suffered by a claimant that are not identified in the time-limited demand and supported by the documents, records, and information set forth in subsection (3)."

Accordingly, State Farm will provide you a timely response within 60 days of receipt of your 5/14/24 time limit demand correspondence.

If you have questions or need assistance, call us at (844) 292-8615 Ext. 392 or Direct: (615) 692-3821.

Sincerely,

Christie Snyder
Claim Specialist
(844) 292-8615 Ext. 392 or Direct: (615) 692-3821
Fax: (855) 820-6318
statefarmclaims@statefarm.com

*For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number, credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us at (844) 292-8615 Ext. 392 or Direct: (615) 692-3821 to discuss sensitive information.*

State Farm Mutual Automobile Insurance Company

**DUE TO PROTECTION OF PRIVACY OBLIGATIONS AND INTERNAL SYSTEM INTEGRITY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY DOES NOT ACCEPT TIME-SENSITIVE OR ACTION-ORIENTED MESSAGES DELIVERED VIA EMAIL THAT INVOLVE ACCESSING A CYBERLINK, APPLICATION, DIGITAL DROPBOX OR OTHER THIRD-PARTY DOCUMENT SERVICE.**

# EXHIBIT 7



## 267333D37 Wes Rammell

From: **HOME CLMS-STATEFARMCLAIMS** <statefarmclaims@statefarm.com>
Date: Fri, Jun 7, 2024 at 6:53 AM
Subject: 267333D37 Wes Rammell
To: mike@blivenlawfirm.com <mike@blivenlawfirm.com>


Good morning,

For your awareness, the thousands of medicals your office mailed to State Farm were today (6/7/24) captioned to the claim file and made available for viewing.  As your demand materials are just today available for my review, your notice of offer to settle the UIM claim for the combined/stacked policy limits expiring 6/6/24 does not provide an insurer a fair and reasonable opportunity to investigate and evaluate your client's claim.

State Farm will handle the claim in alignment with the laws of the state of Montana and provide you a timely response to your client's demand for settlement under the UIM coverage.

Contact me with any questions.


Christie Snyder  AIC, API, AINS, LPCS, CCLA, FCLA

Claim Specialist / Injury

Phone:  (844) 292-8615 ext 392 or Direct: (615) 692-3821

Fax:  (855) 820-6318

Mailing Address:  PO Box 106171, Atlanta GA  30348